## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| FELICIA BILLINGS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERLAKE MECALUX, INC., ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:24-cv-01125 |

## COMPLAINT

**NOW COMES** Felicia Billings ("Plaintiff"), by and through her undersigned counsel, complaining of Interlake Mecalux, Inc. ("Defendant"), as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff bring this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5 *et seq.*, seeking redress for Defendant's discrimination on the basis of Plaintiff's sex, Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII, and sexual harassment.

## JURISDICTION AND VENUE

2. The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as Title VII is a federal statute.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction have been satisfied.

5.  A charge of employment discrimination on basis of sex and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). *See* attached Exhibit A.

6.  Plaintiff received a Notice of Right to Sue from the EEOC and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* attached Exhibit B.

## PARTIES

7.  Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Odell, Illinois.

8.  Defendant is a corporation that touts itself as "one of the leading intralogistics technology companies worldwide."

9.  Defendant operates a facility in Pontiac, Illinois, where Plaintiff was once employed by Defendant.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the relevant time period, Defendant had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce.

## FACTUAL ALLEGATIONS

12. Plaintiff, a female, was employed by Defendant as a powder coat painter from May 2023 until her unlawful termination on October 17, 2023.

13. From at least July 2023 through the date of Plaintiff's termination, Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class.

2

14. Plaintiff, as a female, is a member of a protected class because of her sex.

15. During Plaintiff's employment with Defendant, Plaintiff met or exceeded Defendant's performance expectations in all areas, as evidenced by the lack of write-ups or negative performance remarks.

16. In July 2023, Assistant Supervisor Michael (LNU) sexually harassed Plaintiff.

17. Specifically, Michael approached Plaintiff from behind and "dry humped" her in front of other employees.

18. Plaintiff immediately opposed Michael's sexually charged conduct and reported him to the Department Supervisor CJ (LNU).

19. While Michael would ultimately be terminated, the sex-based discrimination Plaintiff would have to endure did not cease after the above-referenced incident.

20. After Michael's termination, CJ informed Plaintiff that she would have to take over Michael's duties since he was no longer with the company.

21. Plaintiff was excited about this opportunity and was determined ready to prove herself.

22. Shortly thereafter, the Pit Supervisor Willie (LNU) began to discriminate against Plaintiff based on her sex and for reporting Michael's sexual harassment.

23. Specifically, Willie made discriminatory comments such as "you can't have this position because you are a female. I need someone with muscles."

24. Plaintiff was dejected to know that she was being discriminated against due to her sex.

25. In September 2023, Plaintiff was moved from her previous position and began

working with a fellow female coworker by the name of Katie.

26. Shortly after the move, Plaintiff informed her Department Supervisor CJ of Willie's discriminatory comments.

27. In response, CJ reported the incident to Defendant's Human Resources department ("HR").

28. In October 2023, Plaintiff had a meeting with HR representative Jeremy (LNU).

29. During the meeting, Plaintiff informed Jeremy of the sex-based discrimination and retaliation that she recently experienced.

30. In response, Jeremy rolled his eyes and displayed an expression that indicated he either did not believe Plaintiff or did not care about the discrimination that Plaintiff was complaining of.

31. The following week, in retaliation for Plaintiff reporting Willie's discriminatory comments, Willie removed all the benches in the work area that Katie and Plaintiff worked at.

32. In response to Willie escalating misconduct, Plaintiff repeatedly requested that she be removed from Willie's supervision.

33. On October 17, 2023, Plaintiff was terminated by Defendant on the pretext of "poor work ethic."

34. There was no legitimate basis for Plaintiff's termination as Plaintiff's work history demonstrates that Plaintiff was not in any way underperforming or in violation of any of the company's policies.

35. Employees outside of Plaintiff's protected class were not subjected to the same treatment as Plaintiff.

36. Accordingly, it became apparent that Plaintiff was terminated on the basis of her sex and in retaliation for opposing discrimination.

37. As a result of Defendant's conduct, Plaintiff suffered loss of employment, loss of income, loss of employment benefits, mental anguish, emotional distress, decreased self-esteem, and loss of enjoyment of life.

## COUNT I
### Violations of Title VII of the Civil Rights Act
### (Sex-Based Harassment)

38. Plaintiff incorporates all preceding Paragraphs as if fully stated herein

39. Title VII prohibits employers from harassing employees based on their sex.

40. Defendant violated Title VII by harassing Plaintiff on the basis of her sex.

41. As set forth above, Defendant's supervisors harassed Plaintiff solely based on her sex by, *inter alia,* (1) openly discriminating against Plaintiff for being a female in a male-dominated workplace; (2) ignoring Plaintiff's complaints regarding discrimination; (3) removing the work benches Plaintiff utilized in retaliation for her opposition of gender discrimination; (4) sexually harassing Plaintiff by simulating sex acts ("dry humping") behind Plaintiff; and (5) terminating Plaintiff's employment.

42. As set forth above, the harassment was severe and pervasive.

43. The harassment was objectively offensive and would have offended any other individual in Plaintiff's shoes.

44. Plaintiff, as a female, is a member of a protected class under Title VII.

45. Defendant's employees that are outside of Plaintiff's protected class were not subjected to the sex-based harassment that Plaintiff was subjected to.

46. Plaintiff suffered an adverse employment action in the form of termination.

47. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

48. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful harassment.

**WHEREFORE**, Plaintiff requests the following relief:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. An award of pre-judgment interest if applicable; and

h. An award of any further relief this Court deems just and proper.

## COUNT II
### Violations of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

49. Plaintiff incorporates all preceding Paragraphs as if fully stated herein

50. Title VII prohibits employers from discriminating against employees based on their sex.

51. Defendant violated Title VII by discriminating against Plaintiff on the basis of her sex.

52. As set forth above, Defendant's supervisors harassed Plaintiff solely based on her sex by, *inter alia*, (1) openly discriminating against Plaintiff for being a female in a male-dominated workplace; (2) ignoring Plaintiff's complaints regarding discrimination; (3) removing the work benches Plaintiff utilized in retaliation for her opposition of gender discrimination; (4)

sexually harassing Plaintiff by simulating sex acts ("dry humping") behind Plaintiff; and (5) terminating Plaintiff's employment.

53. Plaintiff, as a female, is a member of a protected class under the Title VII.

54. Defendant's employees that are outside of Plaintiff's protected class were not subjected to the sex-based discrimination that Plaintiff was subjected to.

55. Plaintiff suffered an adverse employment action in the form of termination.

56. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

57. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful discrimination.

**WHEREFORE**, Plaintiff requests the following relief:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. An award of pre-judgment interest if applicable; and

h. An award of any further relief this Court deems just and proper.

### COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

58. Plaintiff incorporates all preceding Paragraphs as if fully stated herein

59. Title VII prohibits employers for retaliating against employees for engaging in

protected activity, including opposing sex-based discrimination and/or harassment.

60. As set forth above, Plaintiff opposed gender/sex discrimination by reporting the discriminatory conduct to management.

61. In response to Plaintiff's complaint(s), Defendant failed to investigate Plaintiff's complaint(s) or take any remedial action.

62. Instead, Defendant terminated Plaintiff's employment in retaliation for Plaintiff's opposition of sex-based discrimination and harassment in violation of Title VII.

63. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

64. As set forth above, Plaintiff suffered damages as a result of Defendant's retaliatory conduct.

**WHEREFORE**, Plaintiff requests the following relief:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. An award of pre-judgment interest if applicable; and

h. An award of any further relief this Court deems just and proper.

### COUNT IV
### Violations of Title VII of the Civil Rights Act
### (Sexual Harassment)

65. Plaintiff repeats and re-alleges all the preceding paragraphs as if fully stated herein.

66. By virtue of the conduct alleged herein, Defendant engaged in unlawful

8

employment practices and subjected Plaintiff to sexual harassment in violation of Title VII.

67.   Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex (female).

68.   As set forth above, Plaintiff's Supervisor Michael "dry humped" Plaintiff without Plaintiff's consent.

69.   Defendant is liable for the sexual harassment that Plaintiff endured as it was committed by a member of management (Michael).

70.   The sexual harassment was unwelcomed, objectively offensive, offended Plaintiff, and would have offended any reasonable person in Plaintiff's shoes.

71.   Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

72.   As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE,** Plaintiff requests the following relief:

a.   Back pay with interest;

b.   Payment of interest on all back pay recoverable;

c.   Front pay;

d.   Loss of benefits;

e.   Compensatory and punitive damages;

f.   Reasonable attorneys' fees and costs;

g.   An award of pre-judgment interest if applicable; and

h.   An award of any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 21, 2024                                    Respectfully submitted,


                                                         <u>*/s/ Mohammed O. Badwan*</u>
                                                         Mohammed O. Badwan
                                                         SULAIMAN LAW GROUP, LTD.
                                                         2500 South Highland Avenue
                                                         Suite 200
                                                         Lombard, Illinois 60148
                                                         (630) 575-8180
                                                         mbadwan@sulaimanlaw.com